IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONDREA MILLER, individually and as independent administrator of, and on behalf of the ESTATE OF JAVONTE LAKENDRICK MYERS, and JAVONTE LAKENDRICK MYERS's heir(s)-at-law, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-00943-X |
| TARRANT COUNTY, TEXAS; ERIC L. GAY; and DARIEN A. KIRK, | § § § | |
| Defendants. | § § § | |

## TARRANT COUNTY'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, TARRANT COUNTY, TEXAS ("Defendant"), in the above-styled and numbered cause and, subject to its pending motion to dismiss and motion to transfer venue, files its Answer to Plaintiff's Original Complaint (the "Complaint"), and would state as follows:

1.      Defendant is not required to admit or deny the statements made in the paragraph under the title on page 1 of the Complaint, but to the extent required, Defendant denies the allegations contained in these statements.

2.      Defendant admits that court records in Cause No. 2021-PO02413-1 support the allegations contained in paragraph 1 of the Complaint, but Defendant is otherwise without sufficient information or knowledge to admit the remaining allegations contained in this paragraph.

3.      Defendant admits that Tarrant County is a Texas county and that the Honorable B. Glen Whitley is the County Judge. To the extent required, Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

1

4.      Defendant admits that Defendant Erik Gay was a Tarrant County employee and that Plaintiff has stated Gay's address. To the extent required, Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

5.      Defendant admits that Defendant Darien A. Kirk was a Tarrant County employee and that Plaintiff has stated Kirk's address. To the extent required, Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

6.      Defendant admits the jurisdictional allegations contained in paragraph 5 of the Complaint. Defendant admits the last sentence of this paragraph. Defendant admits that while venue is proper in the Northern District of Texas, Defendant asserts that venue should be transferred to the Fort Worth Division and has filed a motion for an interdivisional transfer.

7.      Defendant is not required to admit or deny the statements made in paragraph 6 of the Complaint, but to the extent required, Defendant denies the allegations contained in this paragraph.

8.      Defendant admits the allegations in the first sentence of paragraph 7 of the Complaint. Defendant denies the remainder of the allegations in this paragraph.

9.      Defendant denies the allegations in paragraph 8 of the Complaint.

10.     Regarding the allegations in paragraph 9 of the Complaint, Defendant admits that a screening officer filled out the Screening Form for Suicide and Medical/Mental/Developmental Impairments, which reflects Myers's answers to specific questions on that screening form. To the extent the allegations in paragraph 9 discuss the alleged legal duties of Tarrant County, Defendant is not required to admit or deny purported conclusions of law. Defendant otherwise denies the allegations in paragraph 9 of the Complaint.

11.     Regarding the allegations in paragraphs 10-56 of the Complaint, Defendant admits that Texas Ranger Trace McDonald interviewed Robert Esparza, Erik Gay, Darien Kirk, and Troy Schuppert (who were employed in the Tarrant County Jail). However, Defendant denies that the complete and specific contents of those recorded interviews are fully or accurately reflected in paragraphs 10-56, which are not transcriptions of the recordings. Defendant admits that the complete and specific contents of those recorded interviews can best be determined by listening to those recordings. Defendant otherwise denies the allegations contained in paragraphs 10-56.

12.     Regarding the allegations in paragraph 57, Defendant admits that Det. Kline's 6/19/2020 Reporting Officer Narrative reflects the allegations stated in paragraph 57 of the Complaint (with the exception of the last sentence in paragraph 57). Defendant denies the last sentence in paragraph 57 of the Complaint.

13.     Regarding the allegations in paragraph 58, Defendant admits that Sergeant J. Casas's June 19, 2020 memo to Captain Leggett reflects the chronology of events stated in paragraph 58. Defendant otherwise denies the allegations in this paragraph

14.     Defendant is without sufficient information or knowledge to admit the material allegations contained in paragraphs 59-60 of the Complaint.

15.     Defendant admits the allegations in the 1st, 2nd, 3rd, 5th, and 7th sentences in paragraph 61 of the Complaint. Defendant denies the remaining allegations in this paragraph.

16.     Defendant admits the allegations in the 1st and 2nd sentences in paragraph 62 of the Complaint. Defendant denies the remaining allegations in this paragraph.

17.     Defendant admits the allegations in paragraph 63 of the Complaint that the custodial death report noted that the ME had determined seizure disorder as the medical cause of death, that Myers had been arrested for criminal trespass, and that Myers exhibited mental health

problems. Defendant further admits that the six sentences quoted at the end of paragraph 63 are contained in the custodial death report. Defendant otherwise denies the allegations in this paragraph.

18.     Defendant admits the allegations in the 1st sentence in paragraph 64 of the Complaint. Defendant is without sufficient information or knowledge to admit the remaining allegations contained in paragraph 64 of the Complaint.

19.     Defendant admits the allegations in paragraph 65 of the Complaint.

20.     Defendant admits that the allegations in paragraphs 66-67 of the Complaint are contained in Ranger McDonald's 7/29/2020 Supplemental Report.

21.     Regarding the allegations in paragraph 68 of the Complaint, Defendant admits that Ranger McDonald's 7/29/2020 Supplemental Report states that he compared video to electronic entries. Defendant denies the remaining allegations in this paragraph.

22.     Defendant is without sufficient information or knowledge to admit the allegations contained in paragraph 69 of the Complaint.

23.     Regarding the allegations in paragraph 70 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies the factual allegations in this paragraph.

24.     Defendant denies the allegations in paragraph 71 of the Complaint.

25.     Defendant denies the allegations in paragraph 72 of the Complaint.

26.     Regarding the allegations in paragraph 73 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant admits that it had policies regarding face-to-face observations that were approved by the Texas Commission on Jail Standards. Defendant otherwise denies the factual allegations in this paragraph.

27.     Defendant denies the allegations in paragraph 74 of the Complaint.

28.     Defendant denies the allegations in paragraph 75 of the Complaint.

29.     Defendant denies the allegations in paragraph 76 of the Complaint.

30.     Defendant denies the allegations in paragraph 77 of the Complaint.

31.     Defendant denies the allegations in paragraph 78 of the Complaint.

32.     Defendant denies the allegations in paragraph 79 of the Complaint.

33.     Defendant denies the allegations in paragraph 80 of the Complaint.

34.     Regarding the allegations in paragraph 81 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2014 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 81 of the Complaint.

35.     Regarding the allegations in paragraphs 82-83 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2015 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraphs 82-83 of the Complaint.

36.     Regarding the allegations in paragraph 84 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2016 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 84 of the Complaint.

37.     Regarding the allegations in paragraph 85 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2017 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 85 of the Complaint.

38.     Regarding the allegations in paragraph 86 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2019 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 86 of the Complaint.

39.     Regarding the allegations in paragraph 87 of the Complaint, Defendant admits that the TJCS conducted an annual inspection of the Tarrant County Jail in 2020 and issued a Certificate of Compliance. Defendant further admits that any issues identified by the inspector would be included in the TCJS reports/records, which is the best evidence of what such reports/records state. Defendant otherwise denies the allegations in paragraph 87 of the Complaint.

40.     Regarding the allegations in paragraphs 88-89 of the Complaint, Defendant admits that the TCJS inspected the Tarrant County Jail following Dean Stewart's death and provided the County a Notice of Non-Compliance on May 21, 2020. In response, the Tarrant County Sheriff's Office submitted a Corrective Action Plan. On May 27, 2020, the TCJS reinspected and determined that there were no deficiencies noted and that a certificate of Compliance could be issued. Defendant otherwise denies the remaining allegations in paragraphs 88-89 of the Complaint.

41.     Defendant is without sufficient information or knowledge to admit the remaining allegations contained in paragraph 90 of the Complaint.

42.     Regarding the allegations in paragraphs 91-92 of the Complaint, Defendant admits that the TCJS conducted an annual inspection between March 8-12, 2021 and issued a report noting certain deficiencies. TCJC eventually issued a Certificate of Compliance. Defendant refers to the contents of TCJS's report and records, which would accurately set forth what TCJS stated. Defendant otherwise denies the remainder of the allegations contained in paragraphs 91 and 92 of the Complaint.

43.     Defendant denies the first sentence in paragraph 93 of the Complaint. Defendant is without sufficient information or knowledge to admit the remaining allegations contained in paragraph 93 of the Complaint.

44.     Defendant admits that the allegations in paragraph 94 of the Complaint concerning James Hemphill are contained in a 1/12/2011 Autopsy Report, a related Tarrant County Medical Examiner's Investigator's Report, and in TCSO investigative reports for Case # 2011-00478; although, Defendant refers to those reports as the best evidence of what is stated therein.

45.     Defendant admits that the affirmative allegations in paragraph 95 of the Complaint concerning the June 1, 2011 death of Kaleb Fitzgerald are contained in a 6/16/2011 Custodial Death Report; although, Defendant refers to that report as the best evidence of what is stated therein.

46.     Defendant admits that the allegations in paragraph 96 of the Complaint concerning Mike Martinez are contained in a Tarrant County Medical Examiner's Investigator's Report dated July 16, 2011; although, Defendant refers to that report as the best evidence of what is stated therein.

47.      Defendant admits that Case No. 4:14-cv-200-A was brought on behalf of the Estate of Johnathan Holden making the allegations contained in paragraph 97 of the Complaint (*see* ECF No. 25 in that case). Defendant incorporates by reference the admissions and denials in ECF No. 27 in that case, which was Tarrant County's Amended Answer to Plaintiff's Second Amended Complaint and Petition for Declaratory Judgement.

48.      Regarding the allegations in paragraph 98 of the Complaint, Defendant admits that a 7/27/2012 Custodial Death Report concerns the June 24, 2012 death of Irvin Dorsey and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

49.      Defendant admits that the allegations in paragraph 99 of the Complaint are contained in a July 5, 2013 Custodial Death Report concerning Bernard Eaglin.

50.      Defendant admits that the allegations in paragraph 100 of the Complaint are contained in a July 10, 2013 Custodial Death Report concerning Eduardo Salazar.

51.      Regarding the allegations in paragraph 101 of the Complaint, Defendant admits that a 1/10/2014 Custodial Death Report concerns the 12/12/2013 death of Robert Simmons and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

52.      Regarding the allegations in paragraph 102 of the Complaint, Defendant admits that a 10/10/2014 Custodial Death Report concerns the 9/12/2014 death of William Diener III and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

53.      Regarding the allegations in paragraph 103 of the Complaint, Defendant admits that a 12/4/2014 Custodial Death Report concerns the 11/9/2014 death of Nathan Crawford and is the

best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

54.     Regarding the allegations in paragraph 104 of the Complaint, Defendant admits that a 4/10/2015 Custodial Death Report concerns the 3/11/2015 death of Larry Crowley and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

55.     Defendant admits that the allegations in paragraph 105 of the Complaint are contained in a May 11, 2015 Custodial Death Report concerning Joseph Wilson.

56.     Regarding the allegations in paragraph 106 of the Complaint, Defendant admits that a 7/1/2015 Custodial Death Report concerns the June 7, 2015 death of John Polk II and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

57.     Regarding the allegations in paragraph 107 of the Complaint, Defendant admits that the Tarrant County Medical Examiner's Autopsy Report concerning Krisha Blackwell determined her cause of death as sudden death associated with seizure disorder. Defendant also admits that the allegations in the 1st, 2nd, 3rd, first half of 4th, 5th, and first half of 6th sentences in this paragraph are contained in the TCSO's 9/23/2015 Incident/Investigation Report. Defendant otherwise denies the allegations in this paragraph.

58.     Regarding the allegations in paragraph 108 of the Complaint, Defendant admits that the Tarrant County Medical Examiner's Autopsy Report concerning Lupita Hernandez determined her cause of death as "I. Type 1 Diabetes Mellitus with Renal Failure and Congestive Heart Failure II. Seizure Disorder." Defendant otherwise denies the allegations in this paragraph.

59.     Regarding the allegations in paragraph 109 of the Complaint, Defendant admits that a 12/9/2015 Custodial Death Report concerns the 11/8/2015 death of Andrew Canfield and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

60.     Regarding the allegations in paragraph 110 of the Complaint, Defendant admits that Billy Freeland booked into the Tarrant County Jail on October 18, 2017 and was immediately placed under an alcohol-withdrawal protocol. Defendant admits that Freeland died on November 4, 2017. Defendant otherwise denies the remaining allegations in this paragraph.

61.     Regarding the allegations in paragraph 111 of the Complaint, Defendant admits that a 3/16/2018 Custodial Death Report concerns the 2/9/2018 death of Robert Renfrow and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

62.     Defendant admits the allegations in the first sentence of paragraph 112 of the Complaint, but Defendant otherwise denies the allegations in this paragraph.

63.     Defendant admits the allegations in the first half of the first sentence and the second sentence in paragraph 113 of the Complaint. Defendant otherwise denies the allegations in this paragraph.

64.     Regarding the allegations in paragraph 114 of the Complaint, Defendant admits the allegations in the last sentence that the TCME determined that Derick Wynn died of a mixed drug intoxication (methamphetamine and cocaine). Defendant also admits that the other allegations in this paragraph are contained in the summary in a 9/25/2019 Custodial Death Report, which is the best evidence of what the report does/does not state.

65.     Regarding the allegations in paragraph 115 of the Complaint, Defendant admits that a 9/25/2019 Custodial Death Report concerns the 7/26/2019 death of Southany Khiengsombath and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

66.     Defendant admits that the allegations in paragraph 116 of the Complaint are contained in a 9/25/2019 Custodial Death Report concerning Robert Miller.

67.     Regarding the allegations in paragraph 117 of the Complaint, Defendant admits that a 9/25/2019 Custodial Death Report concerns the 8/31/2019 death of Jackson Murphy and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

68.     Regarding the allegations in paragraph 118 of the Complaint, Defendant admits that a 6/11/2020 Custodial Death Report concerns the 2/26/2020 death of Ricky Farmer and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

69.     Regarding the allegations in paragraphs 119-120 of the Complaint, Defendant admits the allegation that Dean Stewart booked into the Tarrant County Jail on April 6, 2020. Defendant admits the allegation that Stewart was eventually housed in a single cell for his protection. Defendant admits the allegation in the second sentence of paragraph 119. Defendant otherwise denies the allegations in paragraphs 119-120 of the Complaint.

70.     Regarding the allegations in paragraph 121 of the Complaint, Defendant admits that Chasity Congious has filed a lawsuit concerning the delivery and death of her baby; however, Defendant otherwise denies the allegations in this paragraph.

71.     Regarding the allegations in paragraph 122 of the Complaint, Defendant admits that a 1/8/2021 Custodial Death Report (amended) concerns the 6/24/2020 death of Jason Martin and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

72.     Regarding the allegations in paragraph 123 of the Complaint, Defendant admits that a 1/8/2021 Custodial Death Report (Amended) concerns the 6/25/2020 death of Abdullahi Mohamed and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

73.     Regarding the allegations in paragraph 124 of the Complaint, Defendant admits that a 4/21/2021 Custodial Death Report (Amended) concerns the 9/9/2020 death of Dalanna Price and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

74.     Regarding the allegations in paragraph 125 of the Complaint, Defendant admits that a 4/21/2021 Custodial Death Report (amended) concerns the 9/14/2020 death of Andre Wilson and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

75.     Regarding the allegations in paragraph 126 of the Complaint, Defendant admits that a 9/29/2021 Custodial Death Report (amended) concerns the 11/10/2020 death of Kennie Craven and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

76.     Defendant admits that the allegations in paragraph 127 (sentences 1-5) of the Complaint are contained in a TCSO corporal's and a TCSO sergeant's 12/17/2020 respective reports. Defendant admits the allegations in the 6th sentence of paragraph 127 of the Complaint.

77.     Regarding the allegations in paragraph 128 of the Complaint, Defendant admits that a 12/7/2021 Custodial Death Report (amended) concerns the 12/19/2020 death of Lee Haney and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

78.     Regarding the allegations in paragraph 129 of the Complaint, Defendant admits that a 1/10/2022 Custodial Death Report (amended) concerns the 3/21/2021 death of DeAnthony Taylor and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

79.     Regarding the allegations in paragraph 130 of the Complaint, Defendant admits that a 3/29/2022 Custodial Death Report (amended) concerns the 7/20/2021 death of Jeffery Buchanan and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

80.     Regarding the allegations in paragraph 131 of the Complaint, Defendant admits that an 8/26/2021 Custodial Death Report concerns the 8/18/2021 death of Jeremiah Noble and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

81.     Defendant admits that the allegations in paragraph 132 of the Complaint are contained in a March 10, 2022 Custodial Death Report (amended) concerning Tyler Huffman.

82.     Regarding the allegations in paragraph 133 of the Complaint, Defendant admits that a 9/23/2021 Custodial Death Report concerns the 9/14/2021 death of Georgia Baldwin and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

83.     Regarding the allegations in paragraph 134 of the Complaint, Defendant admits that a 5/13/2022 Custodial Death Report (amended) concerns the 10/30/2021 death of Leon Jacobs and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

84.     Regarding the allegations in paragraph 135 of the Complaint, Defendant admits that a 1/10/2022 Custodial Death Report concerns the 1/3/2022 death of Alvie Johnson and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

85.     Regarding the allegations in paragraph 136 of the Complaint, Defendant admits that a 3/15/2022 Custodial Death Report concerns the 2/25/2022 death of Edgar Villatoro-Alvarez and is the best evidence of what the report does/does not state. Defendant otherwise denies the allegations in this paragraph.

86.     Defendant is without sufficient information or knowledge to admit the allegations contained in paragraph 137 of the Complaint.

87.     Regarding the allegations in paragraph 138 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in this paragraph.

88.     Defendant denies the allegations in paragraph 139 of the Complaint.

89.     Regarding the allegations in paragraphs 140-153 of the Complaint, Defendant is not required to admit or deny purported conclusions of law. Defendant denies all factual allegations in these paragraphs.

90.     Defendant denies the allegations in page 154 of the Complaint.

91.     Defendant is not required to admit or deny the allegations in paragraphs 155-156 of the Complaint.

92.     Defendant denies that Plaintiff is entitled to the relief requested in paragraph 157 of the Complaint.

## ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES

93.     Defendant asserts and alleges that Plaintiff has failed to specifically plead sufficient facts that would give rise to any cause of action against Defendant. Defendant specifically pleads Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

94.     Defendant specifically denies that it encouraged or condoned any criminal conduct on the part of any Tarrant County employee.

95.     Defendant specifically denies that it adopted or maintained any custom, policy, practice or procedure that was the moving force behind any individual's violation of any federal constitutional or statutory rights of or any rights secured under state law belonging to Javonte Myers or others.

96.     Defendant specifically denies that it adopted or maintained any such custom, policy, practice or procedure with deliberate indifference to the rights of Javonte Myers or others.

97.     Defendant specifically denies that Javonte Myers was exposed to any condition of confinement that was violative of his federal constitutional or statutory rights.

98.     Defendant specifically denies that it adopted or maintained any condition of confinement with deliberate indifference to the rights of Javonte Myers or others.

99.     Defendant specifically denies that the Plaintiff has stated a claim for damages against it upon which this Court may grant relief under 42 U.S.C. § 1983.

100.    To the extent that Plaintiff is seeking to recover any past medical damages that Defendant has already paid, and for which Plaintiff has no liability, then Plaintiff is barred from seeking such damages.

101.    Defendant should not be held liable for any injuries or damages caused by Plaintiff. Likewise, Defendant should not be held liable for any injuries or damages that Plaintiff failed to mitigate. Accordingly, to the extent that Plaintiff's own acts and/or omissions were the cause of Plaintiff's alleged injuries or damages, Defendant ought to be able to use evidence of such (1) to apportion Plaintiff's own fault on the question of liability and/or (2) to demonstrate that Plaintiff failed to mitigate.

102.    Further, Defendant would show that all or a portion of any damages claimed by Plaintiff are due, in whole or in part, to prior injuries, diseases, and/or conditions wholly unrelated to the occurrences in question and for which Defendant is not liable.

## JURY DEMAND

103.    Defendant hereby demands trial by jury as to the allegations made against Defendant in the Complaint or any amendments or supplements thereto, and as to any of the matters set forth in this Answer or any amendments or supplements thereto.

WHEREFORE, PREMISES CONSIDERED, Defendant Tarrant County, Texas prays this Court to enter an order dismissing this suit with prejudice, declaring that Plaintiff take nothing by this action, awarding its costs, including a reasonable attorney's fee expended herein, and granting any further relief to which it may be justly entitled under the law.

Respectfully submitted,

/s/ M. Keith Ogle
M. KEITH OGLE
State Bar No. 24037207
Assistant Criminal District Attorney

16

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR TARRANT COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on May 20, 2022:

T. Dean Malone                    *Via Electronic Filing*
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas  75202
Email:  dean@deanmalone.com
**Attorney for Plaintiff**

Kenneth East                      *Via Electronic Filing*
Law Office of Kenneth E. East
306 W. 7th Street, Suite 600
Fort Worth, Texas  76102
Email: ken@east.law
**Attorney for Defendant Darien Kirk**

Jim Jeffrey                       *Via Electronic Filing*
Law Offices of Jim Jeffrey
3200 W. Arkansas Lane
Arlington, Texas  76016
Email: jim.jeffrey@sbcglobal.net
**Attorney for Defendant Erik Gay**

*/s/ M. Keith Ogle*
M. KEITH OGLE